Taliarerro, J.
The plaintiff sues upon a contract of affreightment, alleging that he shipped on board the ship Matanzas, at New York, in November, 1865, one hundred and forty-four cases of merchandize, destined for Now Orleans ; that there was a failure on the part of the captain and officers to deliver nineteen of those cases according to the bill of lading. He claims judgment for $1,741 55, as the value of the lost merchandize, with privilege on the vessel, and costs of suit, etc.
A writ of sequestration was taken out, under which the vessel wa seized by the sheriff. The defendants released the seizure by entering into bond. ■
An exception was filed in the incipient stage of the proceedings to the jurisdiction of the Court, on the ground that the action being founded upon a contract of affreightment, the case is one exclusively of admiralty and maritime jurisdiction, and cognizable only by a Court of the United States. The exception embraced also an objection to the insufficiency of the affidavit, and also to the insufficiency of the bond, in the matter of the sequestration.
The exception was overruled, an answer filed, and after trial had, the Court rendered judgment in behalf of the plaintiff for the amount claimed, with judicial interest from judicial demand, and costs of suit. Defendants have appealed.
By the Judiciary act of 1789, ch. 20, g 9, exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, is vested in the District Courts of the United States, “ saving to suitors in all cases the right of a common law remedy, where the common law is competent to give it. ”
A case deoided by the Supreme Court of the United States, in December last (1866) “The steam-vessel, Moses Taylor, plaintiff in error, v. Wilson Hammons,” is adverse to the view formerly taken by many of the 9 th section of the Judiciary Act of 1789, just referred. The Court say, in the case of the Moses Taylor, that “ the contract for the transportation of the plaintiff was a maritime contract; it related exclusively to a service to be performed on the high seas, and pertained solely to the business of commerce and navigation. There is no distinction in principle between a contract of this character and a contract for the transportation of merchandise. The Court said : “ The case presented, is clearly one within the admiralty and maritime jurisdiction of the Federal Courts.” The decision settles the point, that over these cases the jurisdiction of the Federal Courts is exclusive. In conclusion, the Court remarked : “ The case before us is not within the saving clause of the ninth section. That clause only saves to suitors “ the right of a common law remedy, where the common law is competent to give it. ” It is not a remedy in the common law courts which is saved, but a common law remedy.
“A proceeding in rem is not a remedy affoi-ded by the common law; it is a proceeding under the civil law. When used in the common law courts it is given by statute. ”
In the case now before this Court, the exception taken by defendants must prevail.
It is therefore ordered, adjudged and decreed, that the judgment of *388 the District Court be annulled, avoided and reversed; it is further ordered, that the case be remanded to tbe Court of .the first instance, with directions to dismiss the action for want of jurisdiction. The jslaintiff and appellee to pay all costs.